UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARYLOU HULTGREN, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>LAWRENCE VERACCO, in his )<br>individual capacity, *et al.*, )<br>    Defendants. ) | Cause No: 2:12-CV-478-PRC |

## OPINION AND ORDER

This matter is before the Court on a Motion for Leave of Court to File Second Amended Complaint [DE 23], filed by Plaintiff on September 24, 2013; a Motion to Extend Discovery Deadlines [DE 27], filed by Plaintiff on September 27, 2013; and a Motion for Leave of Court to File Second Amended Complaint [DE 29], filed by Plaintiff on October 8, 2013.

### I. Background

This case began on November 19, 2012, when Plaintiff filed a *pro se* complaint in this Court alleging sex discrimination. Plaintiff eventually retained a lawyer, who filed his appearance on February 19, 2013. At a March 7, 2013 Rule 16 Preliminary Pretrial Conference, this Court set April 15, 2013, as the deadline for Plaintiff to seek leave to amend her complaint. After that deadline had passed, on July 17, 2013, Plaintiff moved for leave to amend her original complaint. This Court granted that motion on July 18, 2013, though it appears that Plaintiff never actually filed an amended complaint.

On September 24, 2013, Plaintiff again moved to amend her complaint to add a variety of new causes of action, arguing that new facts unearthed in discovery warranted allowing emendation. In light of this, she also moved to extend the deadline for discovery from October 31, 2013, to December 20, 2013. Defendants object, arguing that Plaintiff did not give good enough reasons for

granting the amendment and extension.

Plaintiff filed another motion for leave to amend her complaint on October 8, 2013. The only difference, it seems, between this motion and the September 24 motion is that this one has additional attachments. Defendants object that this motion was repetitive and referred the Court back to its response to the first motion.

## II. Analysis

There is only one issue in play here: whether the Court should grant Plaintiff leave to file an amended complaint. Federal Rule of Civil Procedure 15—which governs amendments to pleadings—provides that, in situations like this, Courts "should freely give leave [to amend] when justice so requires." The United States Supreme Court has explained that "freely give" means that:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

Defendants make a handful of objections to these motions. First, they object that the motion is untimely. Indeed, this Court set April 15, 2013—more than six months ago—as the deadline for seeking leave to amend. Moreover, this Court granted Plaintiff leave to file an amended complaint after the April deadline. Plaintiff—for reasons unknown to this Court—never filed the amended complaint. Second, Defendants also object that Plaintiff does not present any evidence in her motion to support granting leave. Third, granting leave would put a substantial burden on Defendants, who

will likely have to re-depose witnesses, and would likely delay the trial.

Each of these objections is on point. Plaintiff's two page memorandum in support fails to explain with any specificity *why* justice requires granting leave to amend. Without evidence about what Plaintiff discovered and why she did not know about these potential causes of action and seek to amend her complaint before the April 15, 2013 deadline, the Court sees no reason it should impose upon Defendants the burdens of allowing Plaintiff to amend the complaint and extend discovery. Should Plaintiff promptly file a motion that lays out why allowing an amended complaint is justified, this Court would consider it.

### III. Conclusion

In light of these reasons, the Court **DENIES with leave to refile** the Motion for Leave of Court to File Second Amended Complaint [DE 23], the Motion to Extend Discovery Deadlines [DE 27]. The Court also **DENIES as moot** the October 8, 2013, Motion for Leave of Court to File Second Amended Complaint [DE 29].

SO ORDERED this 29th day of October, 2013.

    s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc:    All counsel of record